E. Montgomery Tucker, Asst. U. S. Atty., Roanoke, Va., for defendant.

**Alfred E. FLEMING**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare.**

Civ. A. No. 74–275–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

March 7, 1975.

MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

This is an action pursuant to Title IV, Section 412(a) of the Federal Coal Mine Health and Safety Act of 1969, as amended, to review a final decision of the Secretary of Health, Education and Welfare denying plaintiff's application for black lung benefits. The sole issue to be determined by this court is whether substantial evidence exists to support the Secretary's decision.

Plaintiff was 51 years of age at the time of his hearing and had been receiving disability benefits from the Social Security Administration since 1962 for a chronic brain syndrome with trauma following a gun shot wound. Plaintiff testified that he was employed for 18 or 19 years at underground coal mining. However, the evidence establishes that the plaintiff was an employee in the Nation's Coal Mines for 15 quarters of this time. The balance of his coal mine experience occurred while he was self-employed.

■ Under § 410.416(a), "if a miner was employed for 10 or more years in the

**294**

Nation's Coal Mines, and is suffering or suffered from pneumoconiosis, it will be presumed, in the absence of persuasive evidence to the contrary, that the pneumoconiosis arose out of such employment." Since the evidence does not establish 10 or more years of such employment, plaintiff cannot avail himself of this presumption and must meet the condition of § 410.416(b), which states, "in any other case, a miner who is suffering or suffered from pneumoconiosis, must submit the evidence necessary to establish that the pneumoconiosis arose out of employment in the Nation's Coal Mines." Plaintiff did not present sufficient evidence to establish the relationship between pneumoconiosis and his employment in the coal mines. In fact, the evidence presented by the plaintiff tends to add weight to the position that the pneumoconiosis may have arisen from the time he was self-employed and working in the coal mines.

The only medical evidence in the record showing evidence of the existence of pneumoconiosis is an x-ray report dated December 27, 1973; however, because the plaintiff worked less than ten years as a coal miner, he is not entitled to the benefits of any presumptions of total disability. Section 410.490.

Therefore, the court must agree with the Secretary's conclusion that plaintiff is not entitled to black lung benefits based on total disability. The decision of the Secretary is sustained and summary judgment is accordingly entered for defendant.